UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT CURTIS MARCUM,

      Petitioner,

v.                                                                    CASE NO. 5:13-cv-15-Oc-23PRL

SECRETARY, DEPT. OF
CORRECTIONS., et al.,

      Respondents.

_____/

## **ORDER**

Robert Curtis Marcum moves (Doc. 1) under 28 U.S.C. § 2254 for a writ of habeas corpus.  The respondents move (Doc. 5) for dismissal.  An evidentiary hearing is unnecessary.

## **State Court**

The state of Florida charged Marcum with five counts of sexual battery on a victim less than twelve in the familial or custodial authority of someone older than eighteen and one count of lewd and lascivious behavior on a victim less than twelve in the familial or custodial authority of someone older than eighteen.  On June 24, 2010, Marcum pleaded guilty to one count of sexual battery in exchange for a ten-year prison sentence and dismissal of the remaining counts of the information.  Marcum was sentenced the same day.  (Doc. 5, Ex. B, pp. 16-20, 35-46)  He did not appeal.

On August 29, 2011, Marcum moved for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure.  (Doc. 5, Ex. B)  After an evidentiary hearing, the trial court denied the motion.  (Doc. 5, Ex. B, pp. 47-103, 104-07)  The appellate court *per curiam* affirmed on November 20, 2012, and the mandate issued on December 14, 2012.  *Marcum v. State*, 101 So.3d 855 (Fla. 5th DCA 2012). (Doc. 5, Exs. E, F)

## Timeliness of Petition

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) created a limitation for a petition for the writ of habeas corpus under 28 U.S.C. § 2254.  "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."  28 U.S.C. § 2244(d)(1)(A).  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Marcum was sentenced on June 24, 2010.  Because he filed no direct appeal, his conviction was final thirty days later – on July 24, 2010.  *Gust v. State*, 535 So.2d 642, 643 (Fla. 1st DCA 1998) (holding that when a defendant fails to appeal his

conviction or sentence, the judgment and sentence become final upon the expiration of the thirty days for filing an appeal).  *See also* Rule 9.140(b)(3), Florida Rules of Appellate Procedure.  Accordingly, the time within which to petition for habeas corpus expired on July 24, 2011.

On August 29, 2011 – after the AEDPA's one-year limitation expired – Marcum moved in state court for post-conviction relief.  *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), holds that a state collateral pleading filed after the expiration of the federal limitation "cannot toll that period because there is no period remaining to be tolled."  Accordingly, Marcum's petition, filed January 7, 2013, is untimely.

Marcum's argument (Doc. 8) that his untimeliness should be excused under *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), is unavailing.  *Martinez* considers whether ineffective assistance of counsel at an "initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding."  *Martinez*, 132 S. Ct. at 1315. Under certain circumstances, *Martinez* provides a prisoner relief to overcome procedural default of an ineffective-assistance claim in an otherwise timely petition. *Martinez* affords Marcum no relief from a finding that his habeas corpus petition is untimely under 28 U.S.C. § 2244(d).  *See, e.g., Culver v. Crews*, 2013 WL 1278968 (N.D. Fla. 2013) (declining to find that *Martinez* provided a basis for equitable tolling

of the AEDPA one-year limitation); *Wise v. Rozum,* 2013 WL 579659 (M.D. Pa. 2013) (finding that the "*Martinez* decision did not allow for equitable tolling of the AEDPA deadlines"); *Kingsberry v. Maryland*, 2012 WL 2031991 (D. Md. 2012) (finding that "*Martinez* did not address equitable tolling in the context of ineffective assistance of counsel and provides no relief").

### Conclusion

The petition is **DISMISSED WITH PREJUDICE**.  The Clerk is directed (1) to enter judgment denying the petition and dismissing this action with prejudice, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on July 25, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE